FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 28 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03102-BNB

JOSEPH X. SANCHEZ,

    Plaintiff,

v.

DENVER DOWNTOWN DETENTION CENTER,
DENVER SHERIFF'S DEPT., and
DENVER HEALTH,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Joseph X. Sanchez, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Sanchez initiated this action by filing *pro se* a pleading using most, but not all, of the pages of the court's Prisoner Complaint form. On January 25, 2011, Mr. Sanchez filed an amended pleading using the entire Prisoner Complaint form. The court must construe the amended complaint liberally because Mr. Sanchez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sanchez will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the amended complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The

twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

    Mr. Sanchez asserts three claims for relief in the amended complaint pursuant to 42 U.S.C. § 1983. However, Mr. Sanchez fails to set forth a short and plain statement of his claims showing that he is entitled to relief. More specifically, Mr. Sanchez fails to provide a clear and concise statement of the factual basis for each asserted claim. Instead, Mr. Sanchez complains that he has injured his ankle twice and he complains about the medical treatment he has received. Mr. Sanchez does not identify the constitutional rights that allegedly have been violated with respect to each claim he is asserting and he fails to identify specifically who he believes has violated his constitutional rights or who each claim is being asserted against. Therefore, Mr.

Sanchez will be ordered to file a second amended complaint that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action.

Mr. Sanchez is advised that in order to state a claim in federal court he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Sanchez also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Sanchez should name as Defendants in his second amended complaint only those persons that he contends actually violated his constitutional rights. Based on the information provided in the amended complaint, it is not clear that the Defendants identified as "Denver Downtown Detention Center" and "Denver Health" are proper Defendants in this § 1983 action. In addition, for each person Mr. Sanchez names as a Defendant, he must complete the

entire Prisoner Complaint form and provide an address where each Defendant is located and may be served.

Mr. Sanchez' claims against the Defendant identified as "Denver Sheriff's Dept." should be asserted against the City and County of Denver because the sheriff's department, which is not a separate entity from the City and County of Denver, is not a "person" under § 1983. **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), **aff'd**, 986 F.2d 1429 (10th Cir. 1993). To the extent Mr. Sanchez may seek to assert claims against the City and County of Denver, he must identify a municipal policy or custom that caused the alleged violations of his rights. **See Dodds v. Richardson**, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability). Accordingly, it is

ORDERED that Mr. Sanchez file, **within thirty (30) days from the date of this order**, a second amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Sanchez, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Sanchez fails to file a second amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED February 28, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03102-BNB

Joseph X Sanchez
Prisoner No. 0624730
Denver County Jail
PO Box 1108
10500 E Smith Rd
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on February 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk